UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                                          : CHAPTER 7
                                                :
EUFROSINA T. BRETT                              :
                                                :
        DEBTOR                                  : BKY. NO. 13-11919AMC

**ORDER**

AND NOW, this ____ day of _____July_____, 2016, upon consideration of the Motion of the Trustee for Approval of the Sale of Real Estate ("Motion") located at 2033 S. Darien Street, Philadelphia, Pennsylvania ("Property" and/or "Real Estate") and after hearing and all objections, if any, to the Motion having been withdrawn, the Court finds that:

A.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

B.  Notice of the Motion of the Trustee to Sell Real Estate and the hearing was sufficient, adequate, and appropriate, and cause exists to grant the relief requested in the Motion.

C.  The Trustee, Terry P. Dershaw, Esquire ("Trustee"), has represented that he has (1) appropriately marketed the Property; (2) conducted the sale process in a fair and reasonable manner in the exercise of his business judgment in a non-collusive, fair and good faith manner; and (3) given reasonable opportunity to any interested party to make a higher or better offer for the Property.

D.  The consideration provided by the Buyer under the Agreement of Sale and this Sale Order: (1) is fair and reasonable; and (2) is the highest and best offer available for the Property.

E.  The Agreement of Sale was negotiated, proposed, and entered into by Trustee and Buyer without collusion and in good faith. Trustee and Buyer have not engaged in any conduct

that would cause or permit the Agreement of Sale to be avoided under Bankruptcy Code § 363(n).

F. Buyer is a good faith purchaser under Bankruptcy Code § 363(m) and, as such, is entitled to all of the protections afforded thereby. Buyer will be acting in good faith within the meaning of Bankruptcy Code § 363(m) in consummating the Transactions and at all times after the entry of this Sale Order.

G. A reasonable opportunity to object and be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities, including: (i) the Office of the United States Trustee; (ii) counsel for the Buyer; (iii) all entities known to have, or to have asserted, any lien, claim, encumbrance, or other interest; (iv) all taxing authorities for those jurisdictions in which the Property is located; (v) the Chapter 7 Debtor; and (vi) all entities that filed a notice of appearance and request for service of papers in this case in accordance with Bankruptcy Rule 2002, and no objections have been filed to the Sale Motion.

H. The Agreement of Sale is a valid and binding contract between the Trustee and the Buyer, which is and shall be enforceable according to its terms.

I. The Trustee has good and sound business reasons for waiving the stay otherwise imposed by Bankruptcy Rule 6004.

Therefore, it is ORDERED that:

1. The Motion to Sell Free and Clear of Liens and Claims is granted and approved in all respects.

2. The Trustee may sell the Property free and clear of all liens, claims, and interests of any kind or nature whatsoever pursuant to § 363(f) of the Bankruptcy Code; however, the liens and interests shall attach to the proceeds of sale with the same validity and priority they had against the Property.

3. The Trustee may transfer the Property to the Buyer.

4. The Agreement of Sale is hereby approved, and the Trustee, upon entry of this Sale Order, shall have full authority to consummate the sale as contemplated by the Agreement of Sale and transfer the Property to Joseph Grosso and Jayson R. Troccoli, and/or their assignee, for consideration of $62,000.00.

5. The Trustee is authorized to execute and deliver, and empowered to perform under, consummate and implement the Agreement of Sale, together with all additional instruments and documents that the Buyer reasonably deems necessary or appropriate to implement the Agreement of Sale.

6. Sale to the Buyer is without collusion and in good faith in accordance with Bankruptcy Code §§ 363(m) and 363(n). Accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the sale of the Property to Buyer, unless such authorization is duly stayed pending such appeal. Buyer is a good-faith purchaser of the Property and is entitled to all of the benefits and protections afforded by the Bankruptcy Code § 363(m) and other applicable law.

7. Notwithstanding the foregoing, upon the Closing of the Sale, each of the Debtor's creditors and any other holder of an Interest is authorized and directed to execute such documents and take all other actions as may be necessary to release its Interests in the Property, if any, as such Interest may have been recorded or may otherwise exist.

8. The consideration provided by Buyer for the Property is fair and reasonable and is the highest and best offer available for the Property.

9. The Trustee is hereby authorized and directed to pay at Closing, from the proceeds of the sale of the Real Estate, those necessary and valid costs required to be paid to close, including payment to the City of Philadelphia on account of any judgment and/or statutory liens. The balance of the funds shall be held by Trustee Terry P. Dershaw.

10. If any person or entity that has filed financing statements, mortgages, mechanic's liens, *lis pendens* or other documents or agreements evidencing Interests in the Property shall not have delivered to the Debtor prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction or release of all Interests that the person or entity has with respect to the Property, then: (a) the Trustee is hereby authorized to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to the Property; and (b) the Buyer is hereby authorized to file, register or otherwise record a certified copy of this Sale Order, which shall constitute conclusive evidence of the release of all Interests in the Property of any kind or nature whatsoever.

11. This Sale Order shall be effective as a determination that all Interests of any kind or nature whatsoever existing as to the Property prior to the Closing have been unconditionally released, discharged, and terminated to said Property, and that the conveyances described herein have been effected.

12. The fourteen (14) day stay otherwise imposed by Bankruptcy Rule 6004(h) is hereby waived, and this Sale Order shall be effective immediately upon entry.

BY THE COURT:

_____
ASHELY M. CHAN
U.S. BANKRUPTCY JUDGE